Case: 3:03-cv-00405-bbc   Document #: 6   Filed: 09/16/2003   Page 1 of 5

Doc. Number 006

Case Number 03-C-0405-C
United States District Court
Western District of Wisconsin
Joseph W. Skupniewitz
Filed/Received
09/16/2003 02:14:25 PM CDT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ALUMNI RESEARCH FOUNDATION
614 Walnut Street, 13th floor
Madison, WI 53726,

        Plaintiff,

v.                                          Case No. 03 C 0405 C

VICAL INCORPORATED
10390 Pacific Center Court
San Diego, CA 92121-4340,

        Defendant.

---

### REPLY TO COUNTERCLAIM

Plaintiff Wisconsin Alumni Research Foundation ("WARF"), by its attorneys Quarles & Brady LLP, replies to the Counterclaim of Defendant Vical Incorporated ("Vical") as follows:

1. Replying to paragraph 31, WARF admits the statements in the first sentence; and asserts that it lacks information sufficient to admit or deny the assertion in the second sentence, and therefore denies it.

2. Replying to paragraph 32, WARF admits the allegations therein.

3. Replying to paragraph 33, WARF admits the allegations therein.

4. Replying to paragraph 34, WARF admits that in March 1991, Vical and WARF entered into a written contract entitled "License Agreement" that was made effective as of January 1, 1991. WARF denies that a true and correct copy of the Agreement is attached to the Counterclaim as Exhibit A.

5. Replying to paragraph 35, WARF admits that the quoted language appears in the Whereas Clause of the Agreement, but denies that the Clause is quoted in full and affirmatively

QBMAD\960296.00103\362839.1

states that the Agreement and the performance of the parties under the terms of the Agreement further define and qualify the rights and obligations of the parties, and, accordingly, WARF denies any allegation inconsistent with the terms of the Agreement and the performance of the parties under the terms of the Agreement.

6. Replying to paragraph 36, WARF states that the allegations contain one or more characterizations or conclusions of law to which no response is necessary. To the extent a response is necessary, WARF admits that quoted language appears in the Agreement, but affirmatively states that the Agreement and the performance of the parties under the terms of the Agreement further define and qualify the rights and obligations of the parties, and, accordingly, WARF denies any allegation inconsistent with the terms of the Agreement and the performance of the parties under the terms of the Agreement.

7. Replying to paragraph 37, WARF states that the allegations contain one or more characterizations or conclusions of law to which no response is necessary. To the extent a response is necessary, WARF admits that quoted language appears in the Agreement, but affirmatively states that the Agreement and the performance of the parties under the terms of the Agreement further define and qualify the rights and obligations of the parties, and, accordingly, WARF denies any allegation inconsistent with the terms of the Agreement and the performance of the parties under the terms of the Agreement and specifically denies the allegations in the last sentence of paragraph 37.

8. Replying to paragraph 38, WARF states that the allegations contain one or more characterizations or conclusions of law to which no response is necessary. To the extent a response is necessary, WARF admits that quoted language appears in the Agreement, but affirmatively states that the Agreement and the performance of the parties further define and qualify the rights and obligations of the parties, and, accordingly, WARF denies any allegation

inconsistent with the terms of the Agreement and the performance of the parties under the terms of the Agreement and specially denies the allegations in the first sentence of paragraph 38 as drafted.

9. Replying to paragraph 39, WARF states that the allegations contain one or more characterizations or conclusions of law to which no response is necessary. To the extent a response is necessary, WARF denies the allegations in paragraph 39 as drafted.

10. Replying to paragraph 40, WARF states that the allegations contain one or more characterizations or conclusions of law to which no response is necessary. To the extent a response is necessary, WARF admits that quoted language appears in the Agreement, but affirmatively states that the Agreement and the performance of the parties under the terms of the Agreement further define and qualify the rights and obligations of the parties, and, accordingly, WARF denies any allegation inconsistent with the terms of the Agreement and the performance of the parties under the terms of the Agreement.

11. Replying to paragraph 41, WARF admits that the parties disagree as to the meaning of the Agreement and that Vical avers the meaning asserted in paragraph 41. WARF also affirmatively alleges that Vical's interpretation as set forth in Paragraph 41 is incorrect.

12. Replying to paragraph 42, WARF admits that it believes that "Up-front" monetary fees include all fees paid and that the only financial support for which Vical does not need to pay WARF are payments to reimburse Vical for research and development. WARF denies any remaining allegations in paragraph 42 as drafted and further restates and re-alleges paragraphs 8-12 of its Complaint. WARF also alleges that Vical is improperly pushing out payments and recharacterizing payments.

13. Replying to paragraph 43, WARF denies the assertions therein and affirmatively alleges that Vical's new interpretation of the Agreement is inconsistent with the terms of the Agreement and the performance of the parties under the terms of the Agreement.

14. Replying to paragraph 44, WARF denies the allegations as drafted. WARF further restates and re-alleges paragraphs 8-12 of the Complaint.

15. Replying to paragraph 45, WARF denies the allegations therein.

16. Replying to paragraph 46, WARF admits that an actual and justiciable controversy presently exists between the parties with respect to the respective rights and obligations under the Agreement and that a judicial declaration of such rights and obligations is in the best interests of both parties and will eliminate the potential for future disputes between them regarding the compensation due WARF for sublicenses granted by Vical under the Agreement. WARF denies any other allegation therein, and denies that Vical has made any overpayments to WARF or that Vical has any right to reimbursement of any payments made.

17. Replying to paragraph 47, WARF incorporates and re-alleges herein fully by reference its replies to paragraphs 31-46 of the Counterclaim.

18. Replying to paragraph 48, WARF admits that Vical has asserted that it has made overpayments to WARF, but WARF denies that Vical has made any overpayments to WARF or that Vical has any right to reimbursement of any payments made.

19. Replying to paragraph 49, WARF denies the allegations made therein.

20. Replying to paragraph 50, WARF denies the allegations made therein.

21. WARF denies Vical is entitled to any of the relief Vical seeks and WARF specifically denies that it has breached the License Agreement.

**AFFIRMATIVE DEFENSES**

22. The Counterclaim fails to state a claim upon which relief can be granted.

23. The Counterclaim is barred by the doctrine of laches, unclean hands or estoppel.

24. The Counterclaim is barred by the parties' past performance under the Agreement.

25. The Counterclaim is barred under the doctrine of waiver.

Dated this 16th day of September, 2003.

ANTHONY A. TOMASELLI
KRISTIN GRAHAM NOEL

*signature*

QUARLES & BRADY LLP
One South Pinckney Street, Suite 600
P.O. Box 2113
Madison, WI 53701-2113
608.251.5000
Fax: 608.251.9166

*Attorneys for Plaintiff*
*Wisconsin Alumni Research Foundation*